ORIGINAL

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

FILED
U.S. DISTRICT COURT
AUGUSTA DIV.
2007 NOV -8 AM 8:20
CLERK
SO. DIST. OF GA.

| | | |
|---|---|---|
| WILLIAM JASON SMITH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 107-107 |
| | ) | |
| STATE BOARD OF BARBERS, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, an inmate incarcerated at the Columbia County Detention Center located in Appling, Georgia, commenced the above-captioned case pursuant to 42 U.S.C. § 1983. Plaintiff is proceeding *pro se* and *in forma pauperis* ("IFP"). Because Plaintiff's complaint was filed IFP, it must be screened to protect potential defendants. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984). Pleadings drafted by *pro se* litigants must be liberally construed, Haines v. Kerner, 404 U.S. 519, 520-21 (1972) (*per curiam*), but the Court may dismiss a complaint, or any part thereof, that is frivolous or malicious or that fails to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915(e) & 1915A.[1]

---

[1] Under 28 U.S.C. § 1915(b)(4), a prisoner cannot be prohibited from bringing a civil action because he has no means by which to pay an initial fee; thus, the Court will proceed to screen Plaintiff's complaint even though he is unable to pay a partial filing fee. However, in accordance with the terms of the Consent to Collection of Fees form which Plaintiff signed, he remains liable for the full $350.00 filing fee.

# I. BACKGROUND

*Liberally* construing Plaintiff's complaint, the Court finds the following. Plaintiff names the following Defendants: (1) the State Board of Barbers ("SBB"); (2) the Georgia Department of Corrections ("GDC"); and (3) the State of Georgia. (Doc. no. 1, pp. 1 & 4).

Plaintiff alleges that he is an uncertified and unlicensed barber. (Id. at 5). According to Plaintiff, he has served as an inmate barber and instructor during various periods of incarceration. (Id.). Plaintiff contends that on three occasions he has written the SBB, which is authorized to license and certify barbers in the State of Georgia, seeking certification, but he has never received a response.[2] (Id.). Plaintiff maintains that he has the right to practice barbering because he is qualified and the State of Georgia made him serve as a barber. (Id.). Plaintiff submits that the State of Georgia is violating his rights by not allowing him to be heard and by denying him a licence and certification. (Id.).

As relief, Plaintiff requests that the Court order the SBB to certify and license him to practice barbering. (Id. at 6). Plaintiff also seeks court costs from the State of Georgia, the money to start his own barbershop and school from the State of Georgia, and $1,000 from the correctional facilities where he served as a barber. (Id.). Lastly, Plaintiff requests an Order from the Court mandating that prisons make certification available to inmate barbers and establishing a "partnership . . . for inmates who get out that gives them tools paid for by the State of Georgia to practice barbering upon completion of their certification." (Id.).

---

[2]Plaintiff also alleges that the State of Georgia is the issuer of barber licenses. (Doc. no. 1, p. 5).

2

## II. DISCUSSION

Based on the allegations in the complaint, the Court concludes that Defendants are immune from suit in this federal action. "The Eleventh Amendment insulates a state from suit brought by individuals in federal court, unless the state either consents to suit or waives its Eleventh Amendment immunity." Stevens v. Gay, 864 F.2d 113, 114 (11th Cir. 1989) (footnote omitted) (citing Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 98-100 (1984)). Furthermore, the Supreme Court has clearly stated that "a suit in which the State or one of its agents or departments is named as the defendant is proscribed by the Eleventh Amendment.... This jurisdictional bar applies regardless of the nature of the relief sought." Pennhurst State Sch. & Hosp., 465 U.S. at 100 (1984) (citations omitted); see Alabama v. Pugh, 438 U.S. 781, 781-82 (1978) (*per curiam*); Edelman v. Jordan, 415 U.S. 651, 663 (1974). Moreover, 42 U.S.C. § 1983 does not abrogate the sovereign immunity of the states. See Quern v. Jordan, 440 U.S. 332, 341 (1979) ("[W]e simply are unwilling to believe ... that Congress intended by the general language of § 1983 to override the traditional sovereign immunity of the States."). As 42 U.S.C. § 1983 does not override state sovereign immunity afforded by the Eleventh Amendment, Plaintiff's claims against the State of Georgia and the GDC must fail as a matter of law.

Similarly, the SBB, as an instrument of the State of Georgia, is immune from suit. The Supreme Court has explained that the question of whether an entity is immune from suit turns on whether an entity is "treated as an arm of the State partaking of the State's Eleventh Amendment immunity, or is instead to be treated as a municipal corporation or other political subdivision to which the Eleventh Amendment does not extend." Mt. Healthy City Bd. of

3

Educ. v. Doyle, 429 U.S. 274, 280 (1977). In determining whether an entity is immune from suit, "[t]he answer depends, at least in part, upon the nature of the entity created by state law." Id.

The SBB is clearly an arm of the State partaking of the State's Eleventh Amendment immunity. Pursuant to the "Georgia Barber Act," the SBB "shall consist of six members, each of whom shall be appointed by the Governor, approved by the Secretary of State, and confirmed by the Senate." O.C.G.A. § 43-7-4. "Appointees to the board shall, immediately after their appointment, take and subscribe to a written oath or affirmation required by law for all public officers." O.C.G.A. § 43-7-6. Moreover, the SBB was created to, among other things, "[re]gulate the practice of barbering . . . ." O.C.G.A. § 43-7-9. The SBB is a state created entity comprised of public officials charged with the duty of safeguarding public health. As such, Plaintiff's claims against the SBB must also fail as a matter of law.

### III. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** that Plaintiff's complaint be **DISMISSED** for failing to state a claim upon which relief may be granted and that this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 8th day of November, 2007, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE

4